UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>    vs.<br><br>SEAN T. TURVIN and CORINA CUNNINGHAM,<br><br>        Defendants. | 3-06-cr-00043-JWS-JDR<br><br>**FINAL RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**<br><br>(Docket Entries 23 & 26) |

       The United States has timely filed objections to the magistrate judge's Recommendation regarding defendants' motion to suppress evidence. Docket No. 51. Defendants Turvin and Cunningham filed replies to the objections at Docket Nos. 57 and 52, respectively. Upon due consideration of the objections the magistrate judge declines to modify the recommendation. However, a few comments regarding the new pleadings appear appropriate.

The government attempts to distinguish the present case from the Ninth Circuit's decision in United States v. Chavez-Valenzuela, 268 F.3d 719 (9th Cir. 2001). The government contends that Turvin's consent to search his vehicle was voluntary. Chavez-Valenzuela also consented to the search of his vehicle, but that did not render the search lawful because it was obtained during an extended and an unlawful detention arising from a traffic stop. The voluntariness of Turvin's consent to search is not a determining factor.

The government argues that the magistrate judge has misapplied the law to the evidence based upon an "error" in the interpretation of the evidence.[1] Whether Trooper Christiansen observed the speaker box in the vehicle box before or after he asked Turvin about drugs and to search the truck makes no difference. There was nothing suspicious about the speaker box. Officer Christiansen was asked if he saw anything in the vehicle that would have indicated a methamphetamine lab and he indicated that he had not. Transcript of Suppression Hearing (hereinafter Tr.), p.43. The trooper admitted in his testimony that there was nothing about the speaker box that made it look like a meth lab. Tr. 103. Trooper Christiansen explained on re-direct examination that a rolling meth lab could be contained in any small container. Tr. 102.

---

[1] The government never moved to reopen the evidentiary hearing.

As the Recommendation concluded the traffic stop of Turvin and his passenger Cunningham was extended or prolonged because of the comments by late arriving Trooper Powell who advised Trooper Christiansen of a prior police contact with Turvin involving a rolling meth lab.  Although Trooper Christiansen had been writing traffic tickets to Turvin and Christiansen (for not wearing a seat belt),[2] he stopped his ticket-issuing process and used a tape recorder solely for the purpose of asking Turvin about drugs and for a consent to search his vehicle. Normally, an officer engaged in a traffic stop will not use a tape recorder.  Tr. 25. The magistrate judge reaffirms his finding that the police prolonged the otherwise lawful detention of Turvin and his passenger on grounds for which they did not have reasonable suspicion for doing so.   Reasonable suspicion "requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct." United States v. Thomas, 211 F.3d 1186, 1189 (9th Cir. 2000).

The government argues in its objections for the first time that Cunningham lacks standing to object to the suppression of evidence.  It is undisputed that the truck was being driven by Turvin, and Cunningham was a passenger.  The government argues that Cunningham lacked a reasonable expectation of privacy in the vehicle to make a Fourth Amendment challenge to the

---

[2] Failure to wear a seat belt is a minor infraction punishable by a fine of Fifteen Dollars ($15.00).  AS 28.05.095(a)(2) and AS 28.05.099(a).

search of the truck. The government offers no authority permitting it to raise a legal argument for the first time in objections to the Recommendation. The government filed a written opposition to the motion to suppress and did not oppose the joinder by defendant Cunningham. The government did not raise standing before or during the presentation of evidence at the suppression hearing. Nor did the government argue standing in its summation after the evidence was closed. Legal arguments not made when the issue is presented are waived in the absence of extraordinary circumstances which are not here alleged. An argument based on standing is not jurisdictional and may be waived. United States v. Deluca, 269 F.3d 1128, 1135 (10th Cir. 2001).

The government cites United States v. Twilley, 222 F.3d 1092, 1095 (9th Cir. 2000) wherein the court held that Twilley, as a passenger, had no reasonable expectation of privacy in a car that would permit his Fourth Amendment challenge to the search of the car. In Twilley the court explained further that while the passenger did not have standing to challenge the search directly, if he could establish that the initial stop of the car violated the Fourth Amendment, then the evidence that was seized as a result of that stop would be subject to suppression as "fruit of the poisonous tree." Id.

The facts and arguments in the instant case are somewhat different than Twilley. Cunningham joined in Turvin's (the driver's) motion to suppress on the

grounds set forth in Turvin's Memorandum of Points and Authorities.  See Joinder at Docket No. 26.  In his motion to suppress Turvin challenged the stop of the vehicle as lacking probable cause.  Cunningham's interests were affected by the stop of the vehicle and under Twilley she has standing to challenge that stop, and if the stop is illegal to have the evidence excluded as fruit of the poisonous tree.  While the traffic stop of the vehicle was lawful the motion to suppress also challenged the authority of the police to search the vehicle as well as the continued and extended detention of persons in the vehicle.  Neither Turvin or Cunningham were free to leave at the time Trooper Christiansen confronted Turvin about drugs.

I conclude that Cunningham also has standing to challenge the lawfulness of the extended detention consistent with the Twilley analysis.  See United States v. Kimball, 25 F.3d 1, 5 (1st Cir. 1994)(Investigatory stop of a vehicle subjects all occupants to a Fourth Amendment "seizure."), cited in Twilley, 222 F.3d at 1095; United States v. DeLuca, 269 F.3d 1128, 1132 (10th Cir. 2001).  She not only seeks derivative standing but asserts standing in her own right because she too was detained beyond merely receiving a traffic ticket while the police conducted a new search as part of their investigation into alleged drug activity. Cunningham was told to exit the vehicle and was not free to leave.  She was cited for failure to wear a seat belt but arrested for a drug offense based in part on her proximity to the contraband found in the sippy cup in the vehicle.  A search of her person was

dependent upon a lawful search incident to arrest. If the search of the vehicle is suppressed as to her then her search subsequent to her arrest revealing the cash and zip-lock bag with suspected methamphetamine must also be suppressed.

For the foregoing reasons Turvin's Motion to Suppress and joinder by co-defendant Cunningham should be granted. The motion is now forwarded to the assigned district judge for his determination.

DATED this 18th day of July, 2006 at Anchorage, Alaska.

      /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge