UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cr-00043 JWS |
| | ) | |
| vs. | ) | |
| | ) | **ORDER FROM CHAMBERS** |
| **SEAN W. TURVIN,** and | ) | |
| **CORINA L. CUNNINGHAM,** | ) | |
| | ) | [Re:  Motion at docket 23 |
| Defendants. | ) |  & Joinder at docket 26] |
| | ) | |

## I.  MOTION PRESENTED

At docket 23, defendant Sean W. Turvin moved to suppress evidence obtained from a search conducted by Alaska State Troopers on November 20, 2005, near Kenai, Alaska.  Co-defendant Corina L. Cunningham, who had been a passenger in Turvin's pick-up at the time it was stopped by Trooper Christensen, joined in the motion to suppress.[1]  The magistrate judge conducted an evidentiary hearing on June 19, 2006. A transcript of the hearing was prepared and has been filed.[2]  The motion was briefed, and the magistrate judge filed an initial report and recommendation at docket 50 recommending that the motion be granted as to both defendants.  The United States filed timely objections to which both Turvin and Cunningham responded.[3]  Magistrate

---

[1] Doc. 26.

[2] Doc. 49.

[3] Docs. 51, 52, and 57.

Judge Roberts filed a final report and recommendation at docket 64 in which he continued to recommend that the motion be granted.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[4]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[5] and any findings of fact to which objections have been made.[6]  Uncontested findings of fact are reviewed for clear error.[7]

## III.  DISCUSSION

This court has reviewed the file including the transcript of the evidentiary hearing and applied the standard of review articulated above.  Based thereon, this court finds no error in the magistrate judge's recommended findings of fact.  This court also largely agrees with his application of the law to the facts, but finds it unnecessary to reach one of the issues addressed by the magistrate judge.  Brief comments will elaborate this court's view.

First, it is clear that the outcome of Turvin's motion is controlled by the decision in *United States v. Chavez-Valenzuela*[8] just as Judge Roberts explained in his report.  This court also concludes that the magistrate judge correctly recommended that the United States waived its right to raise an issue about Cunningham's standing for the first time in its objection to the initial report and recommendation.  In addition to the discussion of this issue by the magistrate judge, which is correct in all material respects,

---

[4] 28 U.S.C. § 636(b)(1).

[5] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[6] 28 U.S.C. § 636(b)(1).

[7] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[8] 268 F.3d 719 (9th Cir. 2001).

this court adds that by waiting until after the hearing, counsel for the United States eliminated the incentive and opportunity to pursue potentially relevant factual details at the evidentiary hearing. Because this court, like the magistrate judge, concludes that the waiver by the government is sufficient to bring Cunningham's request to suppress the evidence within the analytical framework of *Chavez-Valenzuela*, it is unnecessary for this court to reach the alternative conclusion recommended by the magistrate judge which is that Cunningham actually did have standing.

Subject to the above, this court adopts the findings and conclusions recommended by Magistrate Judge Roberts.

## IV.  CONCLUSION AND ORDER VACATING THE DATES SET FOR  FINAL PRE-TRIAL CONFERENCE AND TRIAL BY JURY

Based on the discussion above, Turvin's motion to suppress at docket 23 and Cunningham's joinder in the request to suppress at docket 26 are **GRANTED**.

It seems obvious that without the evidence that has been suppressed, the United States cannot proceed to trial. Accordingly, the dates for the final pre-trial conference and trial by jury are hereby **VACATED**. However, because the decision on whether to proceed rests with the United States, not the court, counsel for the United States may file a notice advising the court that it will proceed to trial without the suppressed evidence, provided that such notice must be filed not later than **July 26, 2006.** If a timely notice is filed, the court will re-instate the August 14, 2006, final pre-trial conference and trial date.

DATED at Anchorage, Alaska, this 20th day of July, 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE