1NELSON P. COHEN
United States Attorney

KELLY CAVANAUGH
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kelly.cavanaugh@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-043-JWS |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S PROPOSED JURY |
| vs. ) | INSTRUCTIONS |
| ) | |
| SEAN T. TURVIN and ) | |
| CORINA CUNNINGHAM, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the United States of America, by and through counsel, and requests that the Court instruct the jury in accordance with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover.

**Preliminary instructions**

| | |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge - Presumption of Innocence |
| 1.3 | What is Evidence |
| 1.4 | What is Not Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |
| 1.14 | Separate Consideration for Each Defendant |

**Instructions in the Course of Trial**

| | |
|---|---|
| 2.1 | Cautionary Instruction - First Recess |
| 2.2 | Bench Conference and Recesses |
| 2.3 | Stipulated Testimony |
| 2.4 | Stipulations of Fact |
| 2.13 | Disposition of Charges Against Co-Defendant |

**Instructions at End of Case**

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof |
| 3.3 | Defendant's Decision not to Testify |
| 3.4 | Defendant's Decision to Testify |
| 3.5 | Reasonable Doubt - Defined |
| 3.6 | What is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |

| | |
|---|---|
| 3.10 | Evidence of Other Acts of Defendant or Acts and Statements of Others |
| 3.11 | Activities Not Charged |
| 3.12 | Separate Consideration of Multiple Counts |
| 3.13 | Separate Consideration of Single Count - Multiple Defendants |
| 3.18 | Possession - Defined |

**Consideration of Particular Evidence**

| | |
|---|---|
| 4.1 | Statements by Defendant |
| 4.2 | Silence in the Face of Accusation |
| 4.3 | Other Crimes, Wrongs, or Acts by the Defendant |
| 4.9 | Testimony of Witness Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea |
| 4.13 | Government's Use of Undercover Agents |
| 4.17 | Opinion Evidence, Expert Witness |

**Responsibility**

| | |
|---|---|
| 5.1 | Aiding and Abetting |
| 5.6 | Knowingly - Defined (including the bracketed second sentence) |
| 5.7 | Deliberate Ignorance |

**Jury Deliberations**

| | |
|---|---|
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |
| 7.3 | Use of Notes |
| 7.4 | Jury Consideration of Punishment |
| 7.5 | Verdict Form |
| 7.6 | Communication With Court |

U.S. v Tuvin, et al
3:06-cr-043-JWS                                           3

**Specific Offense Instructions**

Attached

RESPECTFULLY SUBMITTED this 8th day of September 2008, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Kelly A. Cavanaugh
KELLY A. CAVANAUGH
Special Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kelly.cavanaugh@usdoj.gov

I hereby certify that on September 8, 2008, a copy of the foregoing
GOVERNMENT'S PROPOSED JURY INSTRUCTIONS was
served electronically on:
Michael Dieni, attorney for Sean Turvin
Lance Wells, attorney for Corina Cunningham

s/ Kelly Cavanaugh
Office of the U.S. Attorney

## Government's Proposed Specific Offense Instruction 1

The defendants are charged in Count 1 of the indictment with conspiring to possess with intent to distribute 5 grams or more of methamphetamine in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, beginning on or about before November 20, 2005, and continuing after November 20, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

> Second, the defendants became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

> Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

> I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

U.S. v Tuvin, et al
3:06-cr-043-JWS                                      1

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Authority:

Ninth Circuit Pattern Jury Instruction 8.16 - Conspiracy.

Government's Proposed Specific Offense Instruction 2

The defendant is charged in Count 2 of the indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed 5 grams or more of actual methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority:

Ninth Circuit Pattern Jury Instruction 9.13: Controlled Substance - Possession with Intent to Distribute.

U.S. v Tuvin, et al
3:06-cr-043-JWS

Government's Proposed Specific Offense Instruction 3

The defendant is charged in Count 3 of the indictment with possession of an unregistered firearm in violation of Section 5861(d) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a shotgun having a barrel or barrels of less than 18 inches in length; and

Second, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Authority:

Ninth Circuit Pattern Jury Instruction 9.31: Firearm - Possession of Unregistered Firearm.

U.S. v Tuvin, et al
3:06-cr-043-JWS