NELSON P. COHEN
United States Attorney

KELLY CAVANAUGH
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kelly.cavanaugh@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Case No. 3:06-cr-043-JWS |
|---|---|
| Plaintiff, | ) |
| | ) PLEA AGREEMENT |
| vs. | ) |
| SEAN T. TURVIN and CORINA CUNNINGHAM, | ) |
| Defendants. | ) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

I.  TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

   A. **Terms of Agreement**

The defendant agrees to plead guilty to all counts in the 1 and 3, violations of 21 U.S.C. 846, 841(a)(1), 841(b)(1)(B)(viii) Conspiracy to Traffic Controlled Substances with Intent to Distribute and 26 U.S.C. 5841, 5845(a)(1), 5861(d), and 5871 Possession of a Prohibited Firearm. The remaining count 2 will be dismissed. The defendant agrees to serve a sentence within the range of 70 - 87 months. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

B. **Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas unless the Court denies the government's post imposition of sentence motion to dismiss the remaining charges or rejects the parties's sentencing recommendations at the sentencing hearing.

C.     **Waiver of Claim for Attorney's Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any

claim for the award of attorney's fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1.  The defendant agrees to plead guilty to the following counts of the indictment:

Count 1, Conspiracy to Traffic Controlled Substances with Intent to Distribute (methamphetamine) a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii);

Count 3, Possession of a Prohibited Firearm, a violation of 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d), and 5871.

### B. Elements

The elements of the charges to which the defendant is pleading guilty are as follows:

<u>Count 1, Conspiracy to Traffic Controlled Substances with Intent to Distribute (methamphetamine),</u>

1) First, the defendant knowingly possessed 5 grams or more of

methamphetamine;

2) Second, the defendant intended to distribute the methamphetamine; and

3) Third, the defendant combined, conspired, confederated, or agreed with another to distribute the methamphetamine.

Count 3, Possession of a Prohibited Firearm,

1) First, the defendant knowingly possessed a firearm; and

2) Second, the firearm had a barrel less than 18 inches and was not registered to the defendant in the National Firearms Registration and Transfer Record.

### C. Factual Basis

The defendant admits the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and the imposition of sentence:

On November 20, 2005 the defendant was stopped by Alaska State Troopers in or around Kenai, Alaska. The defendant consented to a search of his vehicle. The defendant informed the Troopers that there was a shotgun in the

vehicle that had belonged to his grandfather. Troopers discovered the shotgun, it was determined to be 16.5 inches in length. A blue children's sippy cup was also found in the vehicle, the defendant informed the Troopers that this cup belonged to his son. Inside the cup were several individually packaged baggies of methamphetamine. These baggies were sent to the DEA Crime Lab and determined to have a net weight 38.6 grams, the purity of the methamphetamine hydrochloride was 75%, making the actual amount of methamphetamine 28.9 grams.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1

1) Not more than 40 years imprisonment;

2) no less than 5 years imprisonment;

3) not more than a $1,000,000.00 fine;

4) a $100.00 mandatory special assessment; and

5) five years supervised release.

Count 2

1) Not more than 10 years imprisonment;

2) not more than a $10,000.00 fine;

3) a $100.00 mandatory special assessment

2. **Other Matters Affecting Sentence**

   a. **Conditions affecting sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

b.   **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

c.   **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

d.   **Forfeiture**

Assets to be forfeited under this agreement: all unlawful property seized during the course of the investigation. All lawful personal property seized during this investigation is to be returned to the defendant.

III. **SENTENCE AGREEMENT**

The parties agree that, in accordance with 18 U.S.C. § 3553, a sentence within the range of 70 - 87 months is appropriate, in that it is consistent with the sentencing goals set forth in 18 U.S.C. § 3553(a).

IV. **WAIVER OF TRIAL, APPELLATE, AND COLLATERAL ATTACK RIGHTS**

   A.  **Trial Rights**

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any

criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

-- The right to contest the validity of any searches conducted on the defendant's property or person.

B. **Appeal Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant

further agrees that if the Court imposes a sentence that does not exceed the parties agreed upon sentencing range, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

### C.   Collateral Attack Waiver

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the Court imposes. The only exceptions to this collateral attack waiver are as follows:  1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

## V.   ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees

that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VII. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (9), this plea agreement is appropriate in that it conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a).

## VIII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, the defendant, affirm this document contains all of the agreements made

between me– with the assistance of my attorney– and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this

agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to all counts in the Indictment.

DATED: 9/9/08                    X [signature]

SEAN T. TURVIN
Defendant

As counsel for the defendant, I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 9/9/08

MICHAEL DIENI
Attorney for SEAN T. TURVIN

\\

\\

\\

On behalf of the United States, the following accept Attorney for SEAN T. TURVIN'S offer to plead guilty under the terms of this plea agreement.

DATED: 9-11-08

KELLY CAVANAUGH
Special Assistant U.S. Attorney

DATED: Sept 11, 2008

NELSON P. COHEN
United States Attorney